# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JEREMY MANNING,<br><br>　　　　　　　　Petitioner,<br>　　v.<br><br>PRESIDING JUDGE OF THE CRIMINAL DIVISION OF KING COUNTY SUPERIOR COURT,<br><br>　　　　　　　　Respondent. | CASE NO. 2:24-cv-02177-TL-MLP<br><br>ORDER ON REPORT AND RECOMMENDATION |

Petitioner Jeremy Manning has filed a "Motion for Writ of Mandamus." Dkt. No. 4 (sealed). This matter is before the Court on the Report and Recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge (the "R&R"), which recommends denial of the motion. Dkt. No. 5. Having reviewed the R&R, Petitioner's objections (Dkt. No. 6), and the relevant record, the Court ADOPTS the R&R and OVERRULES the objections.

//

//

I. **BACKGROUND**

Petitioner is a federal prisoner who is currently detained at the Federal Detention Center in SeaTac, Washington, where he is awaiting trial on a case pending before another court in this District. *See United States v. Manning*, No. CR22-121 (W.D. Wash. filed Aug. 9, 2022).

In his motion, Petitioner outlines complaints regarding a pending state-court criminal case (No. 24-1-02939-3 SEA).[1] *See* Dkt. No. 4 at 4–9. He states that the attorney appointed to represent him in that case "[made] it clear she had no intention [of] coming to see him, looking at any evidence, or do[ing] anything on this case." *Id.* at 5. On September 27, 2024, Petitioner sent a letter to the Chief Judge of the King County Superior Court, the Respondent here, requesting new counsel or, in the alternative, to proceed *pro se*. *Id.* at 5; *see also id.* at 42–46 (letter). Having not received a reply, on November 12, 2024, Petitioner filed a motion to proceed *pro se*. *See id.* at 5; *see also id.* at 48–62 (motion). As of filing the instant motion, Petitioner had not received a response to his letter or a ruling on his motion. *Id.* at 5. Petitioner argues that Respondent "is denying [his] right to access the court by ignoring his motions and is denying his right to speedy trial by ignoring his motions and by not making a 'diligent, good-faith effort' to bring the accused [Petitioner] before the court before trial." *Id.* at 8. Petitioner ultimately requests "a motion for writ of mandamus informing the Defendant that he/she is in violation of federal law and the U.S. Constitution" and to "[f]urthermore instruct the Defendant to comply with federal law and the U.S. Constitution in a timely manner." *Id.* at 8–9.

The R&R recommends dismissal of the action. *See* Dkt. No. 5 at 3. The R&R states that "a federal court lacks jurisdiction to issue a writ of mandamus to a state court." *Id.* at 2 (first

---

[1] Petitioner also provides details regarding his pending criminal matter and a state-court criminal matter (No. 21-1-03075-3 SEA) that was dismissed on August 9, 2022. *See* Dkt. No. 4 at 1–4; *see also id.* at 11–13 (motion for dismissal and order of dismissal). These allegations are not material to Petitioner's instant motion.

citing *Demos v. U.S. Dist. Ct.*, 925 F.2d 1160, 1161–62 (9th Cir. 1991); then citing *Robinson v. Cal. Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998)). The R&R concludes that, "[a]s this Court lacks jurisdiction to issue such a writ, this action should be dismissed." *Id.* at 3.

Petitioner filed timely objections. *See* Dkt. No. 6. First, Petitioner objects that the authority relied upon by the R&R—*Demos* and *Robinson*—are inapposite. *See id.* at 1–5. He states that unlike in those cases, the R&R here "overlooks [Respondent's] violations of federal law and U.S. Constitution." *Id.* at 3. He further states that unlike in those cases, Respondent here is an "individual," not a court or agency. *Id.* at 4. Second, Petitioner objects that the R&R relies on "mistaken assumption[s]" about Petitioner's motion. *See id.* at 5–7. "As Petitioner is only seeking to educate, inform, and encourage," he explains, "this in no way compels the Respondent to do anything." *Id.* at 6.

## II.  LEGAL STANDARD

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

//

//

### III. DISCUSSION

"A district court has authority to issue all writs, including writs of mandamus, which are 'necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'" *Basra v. Keenan*, No. C23-1561, 2024 WL 518946, at *2 (W.D. Wash. Feb. 1, 2024) (quoting 28 U.S.C. § 1651(a)). In addition, "[t]he Federal Mandamus Act 'provides district courts with mandamus power "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."'" *Gypsum Resources, LLC v. Clark County*, 674 F. Supp. 3d 985, 1010 n.12 (D. Nev. 2023) (quoting *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997) (quoting 28 U.S.C. § 1361)). However, "[t]he federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties[.]" *Id.* (quoting *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966)); *accord, e.g.*, *Stone v. Pfeiffer*, No. C21-1461, 2024 WL 3509617, at *1 (E.D. Cal. July 23, 2024); *Graham v. Hawaii*, No. C23-212, 2023 WL 3505353, at *2 (D. Haw. May 17, 2023).

Thus, to the extent Petitioner's motion requests a writ of mandamus against Respondent—a state judicial officer—the motion must fail. Further, contrary to Petitioner's assertion (*see* Dkt. No. 6 at 3), the R&R need not make any statement on Petitioner's constitutional claims where Petitioner cannot identify an available remedy were he to prevail on those claims; the motion fails on that basis alone. And the fact that Respondent is an individual and not a state court or agency (*see* Dkt. No. 6 at 3–5) does not materially distinguish this matter from *Demos* and *Robinson*—which reaffirm a federal court's limited authority to issue writs of mandamus—and does not disturb the other authority detailed above. *Demos*, 925 F.2d at 1161; *Robinson*, 997 F. Supp. at 1308.

Finally, Petitioner makes clear in his objections that he does not seek any type of injunctive relief from this Court. *See* Dkt. No. 6 at 6. He states repeatedly that he simply seeks to

ORDER ON REPORT AND RECOMMENDATION - 4

1  "[e]nlighten," "inform," "encourage," and "educate" Respondent regarding applicable law. *Id.* Thus, to the extent Petitioner is abandoning even his apparent request for a writ of mandamus, he does not explain the basis for this informational relief, which does not appear to be a cognizable request of the Court.

### IV. CONCLUSION

Accordingly, it is hereby ORDERED:

(1) The Report and Recommendation (Dkt. No. 5) is ADOPTED.

(2) Petitioner's "Motion for Writ of Mandamus" (Dkt. No. 4) is DENIED.

(3) This action is DISMISSED WITH PREJUDICE.

(4) The Clerk SHALL send copies of this Order to Petitioner and to Judge Peterson.

Dated this 27th day of March 2025.

Tana Lin
United States District Judge